

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. AP-75,954 & AP-75,955

### EX PARTE MICHAEL NAWEE BLAIR

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### IN CAUSE NOS. W366-81344-93 (HC3 & HC4) IN THE 366TH
### JUDICIAL DISTRICT COURT OF COLLIN COUNTY

*Per curiam*.

### O P I N I O N

These are post conviction applications for writs of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure article 11.071.

In September 1994, a jury found applicant guilty of the offense of capital murder. The jury also answered the special issues submitted pursuant to Texas Code of Criminal Procedure article 37.071 in favor of the State, and the trial court, accordingly, set applicant's punishment at death. This Court affirmed applicant's conviction and sentence on direct appeal. *Blair v. State*, No. 72,009 (Tex. Crim. App. Sept. 25, 1996) (not designated for publication). Applicant filed his initial post-conviction application for writ of habeas corpus in the convicting court on January 20, 1998. This Court denied applicant relief. *Ex parte*

*Blair*, No. WR-40,719-01 (Tex. Crim. App. Apr. 7, 1999) (not designated for publication).

This Court later dismissed applicant's first subsequent application on September 13, 2000, and remanded his second subsequent application to the trial court on May 30, 2001, to consider five of the issues raised. *Ex parte Blair*, Nos. WR-40,719-02 and -03 (Tex. Crim. App. Sept. 13, 2000 and May 30, 2001) (neither designated for publication). While applicant's second subsequent writ application was under consideration by the trial court, applicant filed a third subsequent application alleging one additional claim. This third subsequent application was remanded by this Court to the trial court to be considered with the second subsequent writ application. *Ex parte Blair*, No. WR-40,719-05 (Tex. Crim. App. Dec. 13, 2006). The trial court returned both subsequent applications to this Court, but both were remanded to the trial court a second time so that it could consider additional evidence submitted after the trial court's findings on the subsequent writs were already made. *See Ex parte Blair*, No. WR-40,719-05 (Tex. Crim. App. April 9, 2008). The trial court has returned the second and third subsequent writ applications to this Court with its findings and conclusions.

The trial court finds, "The State of Texas has conceded that, in light of the remaining inculpatory evidence in the record, [Applicant] has established by clear and convincing evidence that no reasonable juror would have convicted him in light of newly discovered evidence." *See also Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App 1997) (holding that to gain relief on a bare actual innocence claim, the applicant must show by clear and convincing evidence that no reasonable juror would have convicted him in light of the

new evidence).  The trial court ultimately concludes, "The post-conviction DNA results and the evidence discovered in the State's new investigation have substantially eroded the State's trial case against [applicant].  This new evidence in light of the remaining inculpatory evidence in the record, has established by clear and convincing evidence that no reasonable juror would have convicted [applicant] in light of newly discovered evidence."   The trial court's findings and conclusions are extremely detailed and well-reasoned.  In addition to setting out all of the evidence in this case, both adduced at trial and in collateral proceedings, the trial court weighs the new exculpatory evidence against the inculpatory evidence from trial.  Further, it details the State's additional exhaustive investigation in response to applicant's post-conviction claims.  The trial court recommends to this Court that relief be granted.

After our review of the record of the proceedings on remand, we determine that the trial court's findings of fact and conclusions of law are supported by the record, and we adopt them as our own.  The relief applicant seeks is therefore granted:  The judgment of guilt and sentence of death are set aside, and applicant shall answer the indictment against him. Copies of this opinion shall be sent to the Texas Department of Criminal Justice, institutional and pardons and paroles divisions.  *See Ex parte Thompson*, 153 S.W.3d 416, 421 (Tex. Crim. App. 2005);

IT IS SO ORDERED THIS THE 25TH DAY OF JUNE, 2008.

Do Not Publish